UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Weston Poynter )<br>　　*Plaintiff* )<br> )<br>v. )<br> )<br>Unifund CCR. LLC )<br>　　*Defendant* )<br>Serve: )<br>　　Corporation Service Company )<br>　　421 West Main Street )<br>　　Frankfort, KY 40601 )<br> )<br>Michael J. Keeney )<br>*As a member of* )<br>Keeney Atkins Law, PLLC )<br>　　*Defendant* )<br>Serve: )<br>　　Michael J. Keeney )<br>　　Keeney Atkins Law, PLLC )<br>　　7000 Houston Road, Suite 17 )<br>　　Florence, KY 41042 )<br>　　　　　　　　　　　　　　) | Case No. | |

## COMPLAINT and DEMAND FOR JURY TRIAL

\* \* \* \* \*

### INTRODUCTION

1.　　This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.　　Plaintiff, Weston Poynter, is a natural person who resides in Boyle County, Ky.

Mr. Poynter is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Unifund CCR, LLC ("Unifund") is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

5. Unifund is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6), whose principal purpose is the collection of defaulted debts it has acquired at a discount from the original creditors' liquidated charge off value.

6. Defendant Michael J. Keeney, as a member of Keeney Atkins Law, PLLC ("Keeney") is an attorney at law licensed in the state of Kentucky who is engaged in the business of collecting debts on behalf of other legal entities, including FRIC, Unifund CCR, LLC, and Unifund CCR Partners. Keeney's principal place of business is located at 7000 Houston Road, Suite 17, Florence, KY 41042.

7. Keeney is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

8. On March 6, 2014, Unifund CCR, LLC ("Unifund"), by and through Defendant Michael J. Keeney ("Keeney") as its counsel, filed suit against Plaintiff Weston Poynter in the Boyle District Court of Boyle County, Kentucky under Case No. 14-C-00200 (the "State Court Lawsuit").

9. Unifund's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Citibank, N.A. ("Citibank").

10. The Citibank credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Citibank credit card debt a "debt" within the meaning of the FDCPA.

11. On November 13, 2014, Unifund moved for summary judgment against Mr. Poynter in the State Court Lawsuit, and the Boyle District Court entered summary judgment in Unifund's favor on December 12, 2014 (the "Judgment"). A true and accurate copy of the Judgment is attached as Exhibit "A."

12. The Judgment provides in pertinent part:

> IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff recover of the Defendant, WESTON F POYNTER, the amount of $2,446.71, plus interest at the rate of 12% per annum from the date of judgment until paid, Plaintiff's court costs expended herein, and for all of which execution may issue forthwith.

Exhibit "A."

13. The Judgment generally awards "court costs" to Unifund, but no amount of court costs is included or set forth in the amount of the judgment.

14. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

15. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

16. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

17. Under Kentucky law, a bill of costs must be filed within a reasonable time after

entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

18. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

19. Neither Unifund nor Keeney filed a bill of costs in the State Court Lawsuit.

20. Neither Unifund nor Keeney served a bill of costs on Mr. Poynter related to its costs expended in the State Court Lawsuit.

21. The Boyle District Court has entered no supplemental judgment in the State Court Lawsuit awarding Unifund costs.

22. Between January 26, 2015 and May 26, 2016, Unifund and Keeney filed and served three garnishments in an attempt to collect the Judgment (the "First through Third Garnishments").

23. Upon information and belief, Unifund and Keeney collected $133.83 from Mr. Poynter by means of the First through Third Garnishments.

24. Upon information and belief, Unifund and Keeney applied some or all of the $133.83 they collected from Mr. Poynter by means of the First through Third Garnishments to recovery of their court costs and collection expenses in the State Court Lawsuit.

25. On October 21, 2016, Unifund, by and through Keeney as its counsel, caused a fourth garnishment, a non-wage garnishment (the "Fourth Garnishment"), to be executed and filed in an attempt to collect the Judgment.

26. A true and accurate copy of the Fourth Garnishment is attached as Exhibit "B."

27. The Fourth Garnishment provides in pertinent part:

| | |
|---|---|
| Judgment Creditor: | UNIFUND CCR, LLC |
| Judgment Debtor: | WESTON F POYNTER, |
| Garnishee: | |
| Amount Due: | 2,675.59 |
| Probable Court Costs: | 160.87 |

Garnishee's Date of Receipt: _____

FILED OCT 21 2016

Exhibit "B."

28. Upon information and belief, the "Amount Due" of $2,675.59 stated as due and owing on the Judgment in the Fourth Garnishment includes self-awarded court costs that neither

Unifund nor Keeney has any legal right to recover from Mr. Poynter.

29. The "Probable Court Costs" of $160.87 consists of self-awarded court costs for which no Bill of Costs was filed and that neither Unifund nor Keeney has any legal right to recover from Mr. Poynter, and/or of statutory fees that are not recoverable court costs under Kentucky law.

30. Upon information and belief, the Fourth Garnishment did not attach any funds belonging to Mr. Poynter.

31. On December 12, 2016, Unifund, by and through Keeney as its counsel, caused a fifth garnishment, a wage garnishment (the "Fifth Garnishment"), to be executed and filed in an attempt to collect the Judgment.

32. A true and accurate copy of the Fifth Garnishment is attached as Exhibit "C."

33. The Fifth Garnishment provides in pertinent part:



Exhibit "C."

34. Upon information and belief, the "Amount Due" of $2,897.37 stated as due and owing on the Judgment in the Fifth Garnishment includes self-awarded court costs that neither Unifund nor Keeney has any legal right to recover from Mr. Poynter.

35. The Fifth Garnishment attached at least $218 in funds belonging to Mr. Poynter.

36. Upon information and belief, Unifund and Keeney applied some or all of the at least $218 they collected from Mr. Poynter by means of the Fifth Garnishment to recovery of their court costs and collection expenses in the State Court Lawsuit.

37. The funds taken out of Mr. Poynter's pay have caused him great economic hardship.

38. The Fifth Garnishment has also taken a huge emotional and physical toll on Mr. Poynter.

39. Unifund and Keeney violated the FDCPA by misrepresenting the amount of the

debt in the Fourth and Fifth Garnishments, including costs and fees in the amount of court costs listed in the Fourth and Fifth Garnishments that are not allowable as court costs, and including a claim for court costs in the Fourth Garnishment where no Bill of Costs was filed in the State Court Lawsuit.

**Claims for Relief**

I.   **Claims against Unifund CCR Partners and Michael J. Keeney**

    A.   **Violations of the FDCPA**

40.   The foregoing acts and omissions of Unifund CCR, LLC ("Unifund") and Michael J. Keeney as member of Keeney Atkins Law, PLLC ("Keeney") constitute violations of the FDCPA. Unifund's and Keeneys's violations include, but are not limited to, the following:

- a. Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Citibank debt;

- b. Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the Citibank debt in the Fourth and Fifth Garnishments;

- c. Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the compensation which may be lawfully received by Unifund and Keeney in the collection of a debt;

- d. Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and collection expenses which neither Unifund nor Keeney had a legal right to collect from Mr. Poynter, thus taking an action which cannot legally be taken;

- e. Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect costs and collection expenses from Mr. Poynter in the Fourth and Fifth Garnishments;

- f. Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

- g. Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the Citibank debt nor permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Weston Poynter requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com